**John V. URBANO, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 97–1500.**

United States Court of Appeals, Federal Circuit.

June 10, 1998.

John N. Politis, Politis & Politis, of Los Angeles, CA, argued for plaintiff-appellant.

Mikki Graves Walser, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, New York City, argued for defendant-appellee. With her on the

brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Washington, DC. Also on the brief was Joseph I. Liebman, Attorney–in–Charge, International Field Office, New York City. Of counsel on the brief was Stephanie Dick, Deputy Associate Chief Counsel, Office of Associate Chief Counsel, United States Customs Service, Long Beach, CA.

Before RICH, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

The statute of limitations governing the revocation of a customs broker's license requires the government to commence revocation proceedings within five years of the date of the alleged violation on which the proposed revocation is based. *See* 19 U.S.C. § 1641(d)(4) (1994). In 1994, the Customs Service administratively revoked the brokerage license of appellant John V. Urbano. Mr. Urbano contends that the revocation proceedings were initiated more than five years after the violations on which the proceedings were based and that the statute of limitations therefore bars the revocation of his license.

On March 9, 1993, the Customs Service served notice on Mr. Urbano, directing him to show cause why his license should not be revoked. The notice initiated what the Customs Service refers to as "preliminary proceedings" that can lead to a possible license revocation. *See* 19 C.F.R. § 111.59 (1993). Subsequently, on July 5, 1994, the Customs Service initiated what it refers to as "formal proceedings" for license revocation by serving Mr. Urbano with a "Notice to Show Cause and Statement of Charges." *See id.* The alleged violations, the last of which took place in February 1989, occurred less than five years before service of the March 1993 notice to show cause, but more than five years before service of the notice of formal proceedings in July 1994.

Mr. Urbano contends that the initiation of "preliminary proceedings" in March 1993 did not constitute the commencement of proceedings referred to in the limitations statute and that the limitations period therefore expired before he was served with the July 1994

notice of formal proceedings and statement of charges. The Court of International Trade disagreed, holding that the service of the notice to show cause in March 1993 was sufficient to satisfy the statute of limitations for revocation proceedings. *Urbano v. United States*, 967 F.Supp. 1322 (CIT 1997).

We agree with the Court of International Trade. The statute that sets forth the procedures for revoking or suspending brokers' licenses is 19 U.S.C. § 1641(d)(2)(B) (1994). At the time of the proceedings in this case, that statute read as follows:

The appropriate customs officer may, for good and sufficient reason, serve notice in writing upon any customs broker to show cause why a license or permit issued under this section should not be revoked or suspended. The notice shall be in the form of a statement specifically setting forth the grounds of the complaint, and shall allow the customs broker 30 days to respond. If no response is filed, or the appropriate customs officer determines that the revocation or suspension is still warranted, he shall notify the customs broker in writing of a hearing to be held within 15 days, or at a later date if the broker requests an extension and shows good cause therefor, before an administrative law judge appointed pursuant to section 3105 of Title 5, who shall serve as the hearing officer.

19 U.S.C. § 1641(d)(2)(B) (1988).

As the statute indicates, the process for revoking a customs brokerage license has two stages. First, the Customs Service must serve notice on the broker directing him to show cause why his license should not be revoked. The notice must set forth "the grounds of the complaint" and the broker must be given 30 days to respond. 19 U.S.C. § 1641(d)(2)(B) (1988). If the broker does not respond or if the Customs Service, after reviewing the broker's response, determines that revocation is still warranted, the Customs Service proceeds to the second stage of the revocation process by notifying the broker of a formal revocation hearing to be held before an administrative law judge. *Id.* Following the hearing, the administrative law judge makes a recommendation to the Secretary of the Treasury, who issues a written

decision based on the record made at the hearing. *Id.*

The Customs Service's regulations track the statutory requirements for both stages of the revocation process, although the regulations characterize the first stage of the proceedings as "preliminary" and the second stage as "formal." *See* 19 C.F.R. § 111.59 (1993). What the regulations refer to as the "notice of preliminary proceedings" contains a copy of the proposed statement of charges, an invitation to show cause why formal proceedings should not be instituted, an advisement that formal proceedings are available, and a direction that a response to the notice must be filed within 30 days. *See id.* Those papers fully comport with the requirements of the first two sentences of the revocation statute, section 1641(d)(2)(B).

The regulations next provide for the Customs Service to decide, at the conclusion of the preliminary proceedings, whether revocation is still warranted. *See* 19 C.F.R. § 111.61 (1993). That provision in the regulations comports with the first portion of the third sentence of section 1641(d)(2)(B).

Finally, the regulations provide that in the event the Customs Service decides to go forward with revocation proceedings, it must hold a formal hearing, preceded by service of a notice of the hearing and a statement of the charges. *See* 19 C.F.R. §§ 111.62–111.64 (1993). Those provisions of the regulations accord with the requirements of the second portion of the third sentence of section 1641(d)(2)(B).

In sum, although the regulations characterize the revocation process as divided into "preliminary" and "formal" stages, those two stages are simply component parts of the unitary revocation proceeding described in section 1641(d)(2)(B). The commencement of the "preliminary" stage, as defined in the regulations, marks the beginning of the statutory revocation proceeding.

The statute of limitations is satisfied if the statutory revocation proceeding is "instituted by the appropriate service of written notice" within five years of the alleged violation. 19 U.S.C. § 1641(d)(4) (1988). The written notice must include a "notice ... to show cause why a license or permit issued under this section should not be revoked or suspended." *Id.* § 1641(d)(2)(B). The materials served on Mr. Urbano at the "preliminary proceedings" stage included such a notice. The statute of limitations was therefore satisfied in March 1993 when the "Notice of Preliminary Proceedings" and "Proposed Notice to Show Cause and Statement of Charges" were served on Mr. Urbano.

Mr. Urbano argues that the statute of limitations should not be construed in this fashion, because it would allow the government to satisfy the limitations period by initiating preliminary proceedings, but then to delay the initiation of formal proceedings indefinitely, thus effectively depriving the customs broker of the protection of the statute of limitations. While it is true that there is no restriction governing the time within which the government must proceed from the first stage of the revocation proceedings to the second, that is simply a consequence of the way in which the revocation statute is written. It would be inappropriate for us to recast the limitations statute to be triggered by the service of written notice of the formal hearing specified in section 1641(d)(2)(B), simply because it might be preferable to require the government to proceed to a formal revocation hearing within a fixed time period after the alleged violations.

*AFFIRMED.*